AO 245C (Rev. 11/16) Amended Judgment in a Criminal Case  
Sheet 1 (NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
### District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JAIME NAVARRO-SANCHEZ | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 3:15-CR-64-LRH-WGC-2<br>USM Number: 50180-048<br><br>Dennis Cameron, Retained<br>Defendant's Attorney |

**Date of Original Judgment:** 1/11/17  
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. § 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

(X) Correction of sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

(X) pleaded guilty to count(s) <u>1 and the Forfeiture Allegation in the Superseding Information filed 5/31/16</u>

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| *21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) and 846 | Conspiracy to Possess with Intent to Distribute and to Distribute at least 50 Grams of a mixture or Substance Containing a Detectable Amount of Methamphetamine | *7/4/15 | *1 |

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

**\* Incorrect File Stamped Date Deleted**

1/5/17  
Date of Imposition of Judgment

*/s/ Larry R. Hicks/*  
Signature of Judge

Larry R. Hicks, United States District Judge  
Name and Title of Judge

1/18/17  
Date

AO 245B  (Rev. 11/16) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page 2 of 7

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:15-CR-64-LRH-WGC-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **SEVENTY (70) MONTHS.**

(X)  The court makes the following recommendations to the Bureau of Prisons:
**CI TAFT, CA**

(X)  The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m.   ☐ p.m. on _____.
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 11/16) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Judgment - Page __3__ of __7__

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:15-CR-64-LRH-WGC-2

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: __FOUR (4) YEARS__

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. (X) You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, or are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3A - Supervised Release

Judgment - Page __4__ of __7__

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:15-CR-64-LRH-WGC-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchukus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office User Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's signature _____  Date _____

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 3D - Supervised Release

Judgment - Page 5 of 7

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:15-CR-64-LRH-WGC-2

## SPECIAL CONDITIONS OF SUPERVISION

1. Deportation Compliance - If deported, you shall not reenter the United States without legal authorization.

2. Warrantless Search - You shall submit to the search of your person, property, residence or automobile under your control by the probation officer or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant to ensure compliance with all conditions of release.

3. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

4. Report to Probation Officer After Release from Custody - If not deported, you shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment - Page __6__ of __7__

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:16-CR-64-LRH-WGC-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|--------|----------------|----------------------|----------|-----------------|
| TOTALS | $100.00        | $N/A                 | $WAIVED  | $N/A            |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|------------------|-------------------------|----------------------------|
| Clerk of the Court<br>Attn: Financial Division<br>222 Las Vegas Blvd., South<br>Las Vegas, NV 89101 | | | |
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 11/16) Judgment in a Criminal Case
Sheet 6- Schedule of Payments

Judgment - Page __7__ of __7__

DEFENDANT: JAIME NAVARRO-SANCHEZ
CASE NUMBER: 3:15-CR-64-LRH-WGC-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    (X)    Lump sum payment of $ 100.00 due immediately, balance due

       ☐ not later than _____, or
       ☐ in accordance with    ☐ C,   ☐ D,   ☐ E, or    ☐ F below; or

B    ☐ Payment to begin immediately (may be combined with    ☐ C,   ☐ D, or   ☐ F below); or

C    ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after the date of this judgment; or

D    ☐ Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

       Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

(X)    The defendant shall forfeit the defendant's interest in the following property to the United States:
       SEE ATTACHED

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) 3:15-CR-064-LRH-(WGC) |
|---|---|
| Plaintiff, | ) |
| v. | ) Preliminary Order of Forfeiture |
| JAIME NAVARRO-SANCHEZ, | ) |
| Defendant. | ) |

This Court finds that defendant JAIME NAVARRO-SANCHEZ pled guilty to Count One of a One-Count Superseding Information charging him with Conspiracy to Possess with Intent to Distribute and to Distribute at least 50 grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Superseding Information, ECF No. 62; Plea Agreement, ECF No. 68; Change of Plea, ECF No. 72.

This Court finds defendant JAIME NAVARRO-SANCHEZ agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Superseding Information. Superseding Information, ECF No. 62; Plea Agreement, ECF No. 68; Change of Plea, ECF No. 72.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Superseding Information and the offense to which defendant JAIME NAVARRO-SANCHEZ pled guilty.

1   The following property is subject to forfeiture pursuant to Title 21, United States Code,
2   Section 853(a)(1), (a)(2), and (p):

3   United States currency, including: (a) $12,710 recovered from a backpack in a
4   dark blue 2003 Audi four-door vehicle, bearing Nevada license plate 16A-139,
5   with vehicle identification number WAULC68E33A344943 on or about July 4,
6   2015; and (b) $5800 recovered from a dark blue 2003 Audi four-door vehicle,
7   bearing Nevada license plate 16A-139, with vehicle identification number
8   WAULC68E33A344943 on or about July 9, 2015 (property).

9   This Court finds the United States of America is now entitled to, and should, reduce the
10  aforementioned property to the possession of the United States of America.

11  NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
12  the United States of America should seize the aforementioned property.

13  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest
14  of JAIME NAVARRO-SANCHEZ in the aforementioned property is forfeited and is vested in
15  the United States of America and shall be safely held by the United States of America until
16  further order of the Court.

17  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of
18  America shall publish for at least thirty (30) consecutive days on the official internet government
19  forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited
20  property, state the time under the applicable statute when a petition contesting the forfeiture must
21  be filed, and state the name and contact information for the government attorney to be served
22  with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code,
23  Section 853(n)(2).

24  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or
25  entity who claims an interest in the aforementioned property must file a petition for a hearing to
26  adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be

signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, Bruce R. Thompson U.S. Courthouse and Federal Building, 400 South Virginia Street, 3rd Floor, Reno, NV 89501, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Greg Addington
> Assistant United States Attorney
> 100 West Liberty Street, Suite 600
> Reno, NV 89501

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 16th day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3